UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLYSON SNELL,

      Plaintiff,

                                          Civil No. 09-13982
                                          Hon. John Feikens

      v.

EMC MORTGAGE CORP, and
ORLANS LAW FIRM

      Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING CLAIMS PURSUANT TO 28 U.S.C. §1915(e)(2)(B)(ii)

      Plaintiff Allyson Snell filed a *pro se* complaint on October 8, 2009, along with an application to proceed *in forma pauperis*. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient, and therefore, grants Plaintiff's application to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

      Even when a plaintiff establishes indigence, however, a court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2), which states, in relevant part: "Notwithstanding any filing fee . . .the court shall dismiss the case" if it finds that it the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under § 1915 if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L. Ed.2d 338 (1989).

      The Court is mindful that a *pro se* litigant's complaint is to be construed liberally. *Jourdan*

*v. Jabe*, 951 F.2d 108 (6th Cir. 1991), and is held to "less stringent standards" than a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless, *pro se* complaints must still plead facts sufficient to allege some viable legal theory. *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988)

In the instant matter, Plaintiff is apparently in the middle of a bankruptcy proceeding. She alleges that, on September 17, 2009, some of her properties were dismissed from the bankruptcy estate. Among these properties was a rental home at 2661 Sloan, Flint, Michigan (the "Sloan Property"). She claims that, at the time the Sloan Property was released, she had a case pending to evict her tenant from that property for non-payment of rent. Allegedly, however, before the eviction was completed, someone acting on behalf of the Defendants placed a lock box on the door, preventing her from entering the residence. She claims the lock box is "costing [her] money every day" by keeping the property vacant. She seeks removal of the lock box, and $77,000 in damages ""because there're [sic] playing games with the law and with [her]."

The facts set forth by Plaintiff do not state a claim upon which the Court may grant relief. Construing the Complaint liberally, the court finds that Plaintiff has neither articulated a cause of action, nor any basis for federal subject matter jurisdiction. First, although Plaintiff may have legitimate defenses or counterclaims in a foreclosure proceeding on the Sloan Property, any such claims are not properly raised before this Court. Second, Plaintiff has alleged no conceivable federal cause of action, so this Court has no original subject matter jurisdiction. Finally, Plaintiff cannot establish diversity jurisdiction because Plaintiff and Defendant Olans Law Firm are both residents of the same State (Michigan). And, while Plaintiff demands $77,000 in damages, she lists the value of the Sloan Property as $30,000. Accordingly, the $77,000 figure appears to have been selected

specifically to create a jurisdictional basis, and not as a good faith statement of the amount in controversy sufficient to establish jurisdiction.[1]

Because this Court has no jurisdiction to hear this matter, and the action fails to state a claim on which relief can be granted, the court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In sum, Plaintiff's application to proceed *in forma pauperis* is GRANTED, and this action is DISMISSED under § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Date: October 30, 2009                                s/ John Feikens
                                                     United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on October 30, 2009, by U.S. first class mail or electronic means.

                              s/Carol Cohron
                              Case Manager

---

[1] Plaintiff attached a type-written version of her Complaint as "Attachment B." On that document, she lists as desired remedies: "1. Take the lock box off the property. 2. . . . Twenty Dollars ($20.00) a day until it's removed." To that list, she added a handwritten request for "75,000.00 for Damages." Especially in light of the value of the Sloan Property, this addition does not appear to have been made in good faith as an indication of actual damages, but as an attempt to clear the jurisdictional hurdle.